DlCKMAN, J.
When there is not an immediate delivery of goods to the mortgagee at the time the mortgage is executed, followed by an actual and continued change of possession of the things mortgaged, the mortgage will be absolutely *245 void as against creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, unless the instrument or a true copy thereof, is forthwith after its execution deposited either with the township clerk or county recorder, as the case may be, in accordance with the requirements of the statute. Revised Statutes, § 4150.
It is made the duty of the officer receiving such instrument, to indorse thereon the time of receiving it and its consecutive number; to enter in a book, provided by the township trustees or county recorder, the names of all the parties to the instrument alphabetically arranged, with the number of the instrument, its date, the day of filing it, and the amount secured thereby; and to deposit the instrument in his office, to be there kept for the inspection of all persons interested. Revised Statutes, § 4152.
The statute, however, provides, that if the party depositing the instrument may desire to have it recorded, the officer shall record the same, at the expense of the person making the request, in a book, provided by the township trustees or county recorder; and shall enter upon the margin of such record when the instrument is re-filed, any affidavit, credit, or statement, placed thereon after it was recorded. Revised Statutes, § 4153.
It is contended that notwithstanding the recording of the chattel mortgages in controversy, they ceased to be valid liens on the mortgaged property, as against the executions levied upon valid and subsisting judgments, for the reason that from the 9th day of September, 1886, until the 6th day of January, 1887, neither the original mortgages nor true copies thereof, were on deposit, having been on request of the mortgagees Joseph H. Colopy and Levi F. Colopy, delivered to them by the township clerk, and by them retained until the day after the 1’evy of the executions, when they were again deposited with the township clerk.
It is now provided by the statutes of many of the states, that mortgages of personal property, like those of real estate, shall be publicly recorded, in order to give them validity against any but the parties themselves, unless the mortgagee *246 take and retain possession of the. property; in which case, registration is dispensed with, because the purpose of it, notice of the encumbrance, is accomplished in another way. 2 Hilliard on Mortgages, 244. Registration in those states becomes a substitute for delivery, and enables the mortgagor to hold possession until default. It gives notice to the world of the liens which are held on property by persons not in possession, so as to prevent credit from being given to the holders on account of the possession of it. In lieu of a delivery of possession of the mortgaged property, the purpose is accomplished by substituting a record or a filing of the mortgage. Mr. Jones, in his treatise on chattel mortgages, § 190, says: “ In almost all the states of the United States, the statutes in effect make a recording or filing of the instrument equivalent to a change of possession of the property.” But the main object of either filing or recording is to give the requisite notoriety to the mortgage transaction, although, by extending the mortgage upon the record, notice of its contents may be more effectually preserved than by simply keeping the instrument on file until it is canceled.
A compliance with the statute requires, that the instrument when deposited shall be kept in the offiee for the inspection of all persons who may be interested. The instrument referred to is the original mortgage or a true copy thereof. If the original is not placed on file, a copy must be substituted. But such copy, within the meaning of the statute, may, we think, be either in the form of the original mortgage and so filed, or it may be a transcript which is spread out in extenso in the book designed for the recording of chattel mortgages. To protect creditors of the mortgagor, subsequent purchasers, and mortgagees in good faith, from the imposition which might be practised upon them by persons appearing to be the absolute owners of goods which are really subject to encumbrance, it is evident that as full, clear and explicit notice of such encumbrance may be given by means of a public record, as by depositing the instrument, or a copy of it, with the township clerk or county recorder, as directed by statute.
*247 It is a legal presumption, that all persons subject to any law which has been duly promulgated, must be supposed to be acquainted with its provisions sufficiently for their own personal guidance. A judgment creditor, therefore, will be held to have knowledge, that the law has made provision not only for depositing but also for recording mortgages of goods; and by examination at the proper office, he may readily learn whether his debtor has or has not encumbered his property. If the creditor levies execution upon goods embraced in a mortgage that has been already recorded, though the original be not on file, he will do so with constructive notice of and subject to the prior encumbrance. But in the case at bar, the notice was actual, for, by the finding of facts it is shown, that long before the levy — as early as the 8th day of December, 1886 — a judgment creditor and attorney, for himself and the other judgment creditors, saw and examined the record of the mortgages executed by J. A. Colopy. Although the original mortgages had been taken from the files and not returned, yet, the township clerk upon receiving them, having made the required indorsements thereon, and having entered them in a registry and index book, direct and reverse, provided for that purpose — and having afterwards, at the request of the mortgagees, copied and recorded the instruments in the regular record book with an index of its contents, the judgment creditors readily acquired, as contemplated by the statute, the same notice and knowledge which they would have received, had the instruments remained on file without being recorded.
By the act of April 30, 1877, (74 Ohio Laws 149,) it was made the duty of the township clerk to record any chattel mortgage deposited with him, at the expense of the person depositing it. Chattel mortgages were thereby placed, as to recording, upon a level with mortgages of real estate: It evidently was not the intent of the law, after a copy of the original mortgage was thus required to be perpetuated on the record, that the original might not be withdrawn from the clerk’s office otherwise than temporarily, without destroying its force as a prior lien. The act of April 30 was repealed *248 by the act of May 11,1878, (75 Ohio Laws, 519,) but it was then enacted, as provided in section 4158 of the Revised Statutes, that it shall be the duty of the recorder or cleric to record any chattel mortgage at the expense of the person depositing the same, “ if the party depositing such mortgage shall desire the same recorded.” If the priority of the lien is not to be lost by a withdrawal of the instrument when the' recording of' it was made compulsory, we do not think that a different rule should prevail when the recording was at the desire of the party. The chief purpose of the record is attained in the one case as completely as in the other.
It is said in behalf of the plaintiff in error, that the only object of the statute in authorizing chattel mortgages to be recorded, is to enable a duly certified copy of the record of the instrument to be admitted in evidence, as provided in section 4156 of the Revised Statutes. That the use of a certified copy of the record in evidence might be an important incident to, and benefit from the recording of the mortgage, is manifest; but such use can no more be deemed the primary object of recording a chattel mortgage, than the admission in evidence of a duly certified copy of the record can be regarded as the main object of recording mortgages of real estate.
Our conclusion, therefore, is, that by recording the original mortgages the defendants in error substantially complied with the statutory provision for depositing a true copy of the instruments with the township clerk; and that by withdrawing the originals from the files, the mortgagees did not lose their priority of lien as against the levies made by the sheriff.

Judgment affirmed.